UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JOHN HAMM,
    Plaintiff,

CASE NO.:

-vs-

WELLS FARGO BANK, N.A.,
    Defendant.
_____/

## COMPLAINT

Plaintiff, JOHN HAMM, by and through his undersigned counsel, sues the Defendant, WELLS FARGO BANK, N.A., and in support thereof respectfully alleges the following:

1. Plaintiff alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq*. ("TCPA").

## INTRODUCTION

2. The TCPA was enacted to prevent companies like WELLS FARGO BANK, N.A. ("Wells Fargo") from invading American citizen's privacy and prevent abusive "robo-calls."

1

3. "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, -US--, 132 S.Ct., 740, 745, 181, L.Ed. 2d 881 (2012).

4. "Senator Hollings, the TCPA's sponsor, described these calls as 'the ***1256** scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.'" 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

5. According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." https://www.fcc.gov/document/fact-sheet-consumer-protection-proposal.

## JURISDICTION AND VENUE

6. This is an action for damages exceeding Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest and costs.

7. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA, and/or by 28 U.S.C. § 1332, diversity jurisdiction.

8. Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii). See *Mims v. Arrow Fin. Servs., LLC*, 132 S.Ct. 740, 748 (2012) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014).

9. Venue is proper in this District because the Plaintiff resides in this District (De Kalb County), the phone calls were received in this District, and the Defendant transacts business in DeKalb County, Georgia.

## FACTUAL ALLEGATIONS

10. Plaintiff is a natural person and citizen of the State of Georgia residing in De Kalb County, Georgia.

11. Plaintiff is the "called party." See *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 643 (7th Cir. 2012), reh'g denied (May 25, 2012).

12. Defendant, Wells Fargo, is a corporation with its principal place of business at 420 Montgomery Street, San Francisco, California 94163 and conducting business in the State of Georgia through its registered agent, CORPORATION SERVICE COMPANY, 40 Technology Parkway, South Suite 300, Norcross, GA, 30092.

13. The conduct of Defendant which gives rise to the cause of action herein alleged occurred in this District, De Kalb County, Georgia, by the Defendant's placing of illegal calls to Plaintiff who resides in De Kalb County, Georgia.

14. Defendant, at all material times, was attempting to collect on a debt, (hereinafter the "subject account"), which was issued and serviced by Defendant.

15. Defendant knowingly and/or willfully harassed and abused Plaintiff on numerous occasions by calling Plaintiff's cellular telephone number multiple times per day from approximately July 2013 through November 2015, with such frequency as can reasonably be expected to harass, all in an effort related to the collection of the subject account, which was for a mortgage on a home that was previously foreclosed on. Plaintiff spoke with agents of Defendant and requested that the calls to his phone stop on several occasions, to no avail.

16. Upon information and belief, some or all of the calls the Defendant made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" ("ATDS") which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "autodialer calls").  The Plaintiff will further testify that the Defendant left pre-recorded messages on his voicemail regarding the subject account.

17. Each of the autodialer calls the Defendant made to Plaintiff's cellular telephone number after July 2013 was done so without the prior express consent of the Plaintiff.

18. Plaintiff is the regular user and carrier of the cellular telephone number, 404-***-9648, and was the called party and recipient of Defendant's autodialer calls.

19. The autodialer calls from Defendant came from telephone numbers including but not limited to 800-944-4601, and when that number is called a pre-recorded voice or agent answers and identifies the number as belonging to "Wells Fargo."

20. Plaintiff estimates approximately five hundred (500) calls from Defendant to his cell phone without his prior express consent between July 2013 and November 2015. Plaintiff asked the Defendant to stop calling his phone on multiple occasions during that time to no avail. Plaintiff was able to review his phone records and reveal calls from 800-944-4601 on dates including, but not limited to:

a. January 25, 2014;

b. January 26, 2014;

c. January 27, 2014; and

c. January 30, 2014.

21. The Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, and to make autodialer calls just as they did to Plaintiff's cellular telephone in this case, with no way for the called party and recipient of the calls, or the Defendant, to permit the removal of the incorrect number.

22. Despite actual knowledge of their wrongdoing, the Defendant continued the campaign of autodialer calls after Plaintiff advised an agent of Defendant to stop calling his phone.

23. Defendant's corporate policy provided no means for the Plaintiff to have his cellular number removed from the call list, or otherwise permit the cessation of and/or suppression of calls to Plaintiff.

24. Defendant has other federal lawsuits pending against them alleging similar violations as stated in this complaint.

25. Defendant has numerous complaints against them across the country asserting that their automatic telephone dialing system continues to call the wrong people or people who have revoked consent to be called.

26. Defendant knowingly employed methods and/or has a corporate policy designed to harass and abuse individuals and has set up their autodialer in a manner which makes it virtually impossible for the autodialer calls to stop.

27. Defendant knowingly employed methods that did not permit the cessation of or suppression of autodialer calls to Plaintiff's cellular telephone.

28. Due to Defendant's constant autodialer calls and demands for payment Plaintiff has suffered statutory and actual damages in the form of emotional distress, frustration, worry, anger, and/or loss of capacity to enjoy life.

## COUNT I
**(Violation of the TCPA)**

29. Plaintiff re-alleges and incorporates Paragraphs one (1) through twenty-eight (28) above as if fully stated herein.

30. None of Defendant's autodialer calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

31. Defendant violated the TCPA with respect to all of its autodialer calls made to Plaintiff's cellular telephone number without Plaintiff's prior express consent.

32. The Defendant willfully and/or knowingly violated the TCPA, especially for each of the autodialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant that he wanted the calls to stop.

33. Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, WELLS FARGO BANK, N.A., for statutory damages, actual damages, treble damages, punitive damages, and any other such relief the court may deem just and proper.

Respectfully submitted,

*/s/ Octavio "Tav" Gomez, Esq.*
Octavio "Tav" Gomez, Esquire
Georgia Bar #: 617963
Morgan & Morgan, Tampa, P.A.
201 North Franklin Street, 7th Floor
Tampa, FL 33602
Tele: (813) 223-5505
Fax: (813) 223-5402
TGomez@forthepeople.com
JKneeland@forthepeople.com
FKerney@forthepeople.com
Attorney for Plaintiff